IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ROBIN POLLOCK,

    Plaintiff,

vs.

ERIC KAMERON WOOD, D.D.S.

    Defendant.

---

**COMPLAINT, JURY DEMAND, AND CERTIFICATE OF REVIEW**

---

**COMES NOW,** the Plaintiff, by and through undersigned counsel, and Complains against the Defendant, Eric Kameron Wood, D.D.S:

**A.**   **GENERAL ALLEGATIONS**

1.   This is a dental malpractice case asserted by the Plaintiff against the Defendant.

**B.**   **PARTIES**

2.   Robin Pollock is the Plaintiff in this action. At all times pertinent, Robin Pollock hereafter referred to as "Plaintiff" resided at 1010 Cody Street within the City of Lakewood, County of Jefferson, State of Colorado.

3.   At the time of this incident, on or about September 17, 2003, Dr. Eric Wood, hereafter referred to as "Defendant" was a practicing dentist at Comfort Dental, whose office was located at 990 West 26th Avenue, Lakewood, Colorado 80215.

4. Upon information and belief, subsequent to the events which give rise to this incident, Defendant has relocated and now resides in the State of Washington.

5. Defendant's current place of business/dental practice is located at 305 S.E. Chkalov Drive. Suite 140, in the City of Vancouver, State of Washington, 98683.

### C. JURISDICTIONAL ALLEGATIONS

6. This action is brought according to 28 U.S.C. §1332, Diversity of Citizenship. Pursuant to §1332 (a) the Plaintiff and Defendant are citizens of different states inasmuch as Plaintiff is a citizen of the State of Colorado and Defendant is a citizen of the State of Washington.

7. In this particular instance, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### D. ALLEGATIONS AS TO NEGLIGENCE

8. At all times pertinent, the Defendant had a duty to provide dental care to the Plaintiff in a reasonable and appropriate fashion.

9. On September 17, 2013, the Plaintiff presented to Comfort Dental and filled out the requested materials presented to her by Defendant and/or his office.

10. Plaintiff was seen by Defendant as a patient on that day.

11. In the records of the Defendant, the primary concern of the Plaintiff was recorded as "extraoral swelling L.R. (Lower right)." The record indicates "T.A." presumably representing tooth ache. The record states that the patient was "unable to open, #30-#31, [right lower 1st and 2nd molars]

abscessed." No follow up visit for the Plaintiff's presenting problem was scheduled and there was no further recorded contact between the Plaintiff and Defendant.

12. Approximately two days later, on September 19, 2013, the Plaintiff presented to St. Anthony Hospital Emergency Department with very serious complaints. One complaint was that of trismus, "difficulty opening the mouth widely," a swollen tongue, a hoarse voice, difficulty swallowing except for liquids and she had to sit up in order to breath. She reported that the pain was 9 out of 10 and she reported that she tried to contact her dentist that day but could not get through to him. At that time she had an elevated temperature, significant swelling of her cheek and the emergency room physician was able to see that tooth #30, the lower right 1st molar, was fractured. In addition, the white blood cell count was significantly elevated and there was a left shift, indicative of acute infection. A CT scan revealed an abscess medial (toward the mid-line of the body) to the mandible, which was displacing the airway to the opposite side, due to its significant swelling. There was also cellulitis extending under the lower jaw line.

The Plaintiff was admitted to the hospital. The admitting diagnosis included facial cellulitis and there was concern for, among other things, an elevated white blood cell count and acute respiratory failure.

13. The following morning, on September 20, 2013 a doctor observed that there was a high probability of imminent or life threatening deterioration related to respiratory failure. A physician described the Plaintiff's situation as being, "at high risk for death."

14. On September 23, 2013 a surgical procedure was performed and a significant amount of puss was drained from the Plaintiff.

15. On September 26, 2013, the Plaintiff was discharged from the hospital.

16. The Plaintiff incurred significant hospital bills and damages as the result of being hospitalized for this period of time, from approximately September 19, 2013 to September 26, 2013.

17. The care provided to the Plaintiff by the Defendant failed to meet the reasonable standard of dental practice in the following particulars:

   (a) Defendant failed to recognize the serious implications of trismus and extraoral swelling and dental infections of the Plaintiff;

   (b) Defendant failed to refer Ms. Pollock immediately to an oral and maxillofacial surgeon for definitive care of the infection;

   (c) Defendant failed to remove the infected and fractured tooth or teeth at the initial visit or otherwise refer the Plaintiff to an oral and maxillofacial surgeon for removal of the diseased tooth or teeth as part of the definitive care of the infection;

   (d) Defendant failed to arrange for close follow-up care of the Plaintiff's vulnerable condition;

   (e) Defendant failed to respond to the Plaintiff's attempts to reach him on September 19, 2013;

(f)     The Defendant was otherwise negligent and careless in the care and treatment he provided to the Plaintiff.

18.     As a direct a proximate result of the negligent acts and actions of the Defendant, the Plaintiff sustained serious and life-threatening injuries. Plaintiff's injuries required extensive hospitalization, including Intensive Care, surgical procedures, and many elaborate interventions. Plaintiff's condition required hospitalization for a full week at considerable cost and expense. Plaintiff has incurred and will in the future incur substantial economic losses due to the negligence of the Defendant. Finally, Plaintiff has incurred significant pain, suffering, loss of enjoyment of life, and permanent physical impairment as a direct and proximate result of the negligent acts and actions of Defendant.

**WHEREFORE,** Plaintiff prays for judgment against the Defendant in a sum reasonable, the costs of this action, interest at the legal rate, expert witness fees, and for such other and further relief as this honorable Court deems just and proper in the premises.

**PLAINTIFF REQUESTS THAT THIS MATTER BE HEARD BY A JURY.**

### CERTIFICATE OF REVIEW

**COMES NOW,** the Plaintiff, by and through counsel, and pursuant to C.R.S., §13-20-602(3), hereby certify and declares:

Undersigned counsel certifies, pursuant to C.R.S. §13-20-602(3) that: (a) he has consulted with an oral surgeon with expertise in the area of the alleged negligent conduct as set forth in

Plaintiff's Complaint; (b) the oral surgeon who has been consulted has reviewed all known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct as complained of in Plaintiff's complaint; (c) based upon such facts, this oral surgeon has concluded that the filing of the claims in the instant case does not lack substantial justification within the meaning of C.R.S. §13-17-102(4); and (d) the oral surgeon who has reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiff's complaint meets the requirements set forth in C.R.S. §13-64-401.

                Respectfully submitted,

                s/John Astuno, Jr.
                John Astuno, Jr.
                1290 Broadway #600
                Denver, CO 80203
                303-861-7636
                E-Mail: norma6330@aol.com

Address of Plaintiff:
1010 Cody Street
Lakewood, CO 80215